IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
(TAMPA DIVISION)

| | |
|---|---|
| UNITED STATES,<br><br>                                  Plaintiff<br><br>      v.<br><br>MICHAEL M. RUCKER,<br><br><br><br>                                Defendant. | Case No. 8:12-cr-266-JDW-AEP |

**REPLY MEMORANDUM TO THE GOVERNMENT'S RESPONSE IN OPPOSITION
TO MICHAEL RUCKER'S MOTION FOR COMPASSIONATE RELEASE**

The government's opposition to Michael Rucker's Motion for Compassionate Release relies on four arguments, each of which is insufficient. *First*, the government argues that Mr. Rucker is not entitled to relief because his medical conditions are "well-controlled" and "appropriately managed at the facility." However, Mr. Rucker's risk of suffering severe illness or death is not dependent on the degree to which his medical conditions are well managed or controlled. *Second*, the government argues that Mr. Rucker's motion is based on a "fear of exposure" or "fear or re-contracting COVID-19." However, the government ignores the evidence that Mr. Rucker has in fact demonstrated a particularized risk of contracting COVID-19 at Coleman Medium, while conceding that Mr. Rucker has a particularized susceptibility to COVID-19 given his medical conditions. The government also ignores evidence that COVID-19 reinfections can prove fatal and more severe than the first infection. *Third*, the government argues that Mr. Rucker fails to meet an outdated Sentencing Commission Policy Statement. However, as explained in the instant motion, that policy statement has been supplanted (or at

least supplemented) by the First Step Act, as recognized by many district courts, including courts in this circuit, and by the Second Circuit, which provides greater flexibility to the Court to alleviate unnecessary suffering during the pandemic. *Finally*, the government argues that granting Mr. Rucker compassionate release will undermine the purposes of sentencing. However, the government fails to demonstrate that Mr. Rucker will be a danger to others if released, and ignores Mr. Rucker's rehabilitation evidence.

The government's response to Mr. Rucker's motion concedes nearly all the relevant facts. The government concedes Mr. Rucker has exhausted his administrative remedies. The government concedes that Mr. Rucker suffers from chronic kidney disease and hypertension, and expressly "acknowledges that Rucker presents two risk factors identified by the CDC as heightening the risk of severe illness were he to contract COVID-19." ECF 208, at 11. Further, the government concedes that Mr. Rucker "has a medical condition that makes him more susceptible to increased risk of severe illness if he were to contract COVID-19." ECF 208, at 10. Finally, the government "recognizes and commends Mr. Rucker for his completion of numerous programs while incarcerated, maintaining steady employment, obtaining his GED, being recognized and appreciated for his dedication and achievements, and overall improving his life and acquiring skills that will serve him well upon completion of his sentence." ECF 208, at 12.

Indeed, Mr. Rucker has made exemplary rehabilitation efforts. He cannot protect himself from COVID-19 at Coleman Medium, but he can at home, outside of a BOP facility, as the BOP's COVID-19 infection and death rates per 1,000 people are 0.45 times higher and 23% higher, respectively, compared to the United States population. We urge this Court to exercise

its compassionate release authority to protect Mr. Rucker from the particularized risk of significant illness or death he faces if he remains incarcerated.

I. **There is no relationship between management of Mr. Rucker's medical conditions and his risk of suffering severe illness or death from COVID-19.**

The government suggests Mr. Rucker's "ailments appear well controlled, he receives medical care as needed, and his ailments do not appear to present any impediment to his ability to provide self-care in the institution." ECF 208 at 11. But even if he were able to manage his underlying conditions at Coleman, that doesn't speak to his particularized susceptibility to severe illness from COVID-19 in light of those conditions. In describing risks of severe illness from COVID-19, the CDC does not distinguish between individuals whose chronic kidney disease and hypertension is being managed/controlled versus those whose conditions are not being managed/controlled. Recently another District Court, in *United States v. Robinson*, rejected the government's argument regarding the defendant's ability to manage his hypertension, recognizing that "scientific authorities [] 'indicate an association between 'hypertension' broadly, and severe illness and death from COVID-19,' not an association that varies in risk based on the severity of the defendant's hypertension." 2020 U.S. LEXIS 126535, *13-14 (E.D. Va. 2020); *see also Harrell v. United States*, 2020 U.S. Dist. LEXIS 92944, *8 (E.D. Mich. 2020) ("In opposition, the Government argues that Harrell is not vulnerable, because he is only 45 and his conditions are well managed. The Government's arguments about medical minutiae, while noted by the Court, are dismissed as unpersuasive. Even if, assuming arguendo, Harrell's conditions do not independently and perfectly fit the definition of severity, as outlined by the CDC, his conditions still exacerbate each other, placing him in a much more vulnerable position than a healthy person if he were to get COVID-19, regardless of his age.").

**II.     Mr. Rucker has exhibited a "particularized susceptibility" and a "particularized risk" of significant illness or death if he were to become reinfected with the virus.**

Courts have held that when seeking compassionate release for COVID-19, "defendants must show both a 'particularized susceptibility' to COVID-19 and a 'particularized risk' of contracting COVID-19." *United States v. Little*, 2020 U.S. Dist. LEXIS 110613, at *5 (E.D. Va. 2020) (internal citation omitted). The court in *Little* stated that, "particularized susceptibility" is evidenced by "health ailments [that] raise the likelihood of an adverse outcome with COVID-19." *Id.* at *5. Here, the government "acknowledges that Rucker's BOP medical records [] and attached Declaration of Dr. McKenzie [] show that he has a medical condition that makes him more susceptible to increased risk of severe illness if he were to contract COVID-19." ECF 208 at 10.

Courts provide that a "[d]efendant's particularized risk must be supported by evidence of an actual outbreak in his facility, not simply the mere possibility of COVID-19 spreading to his camp." *Little*, No. 1:10-cr-135, 2020 U.S. Dist. LEXIS 110613, at *5. The virus is present at Coleman Medium. Mr. Rucker is immunocompromised and at risk of suffering a fatal reinfection. Indeed, an 89-year old woman died after being reinfected with a different strain of COVID-19, despite only experiencing fever and severe cough during her first episode of COVID-19 infection and becoming symptom free. *See* Marlies Maulder, et al, Reinfection of Severe Acute Respiratory Syndrome Coronavirus 2 in an Immunocompromised Patient: A Case Report, *Clinical Infectious Diseases*, ciaa1538, https://doi.org/10.1093/cid/ciaa1538.

**III.    Conclusion**

Mr. Rucker has a release plan that provides for his own safety and the safety of the community. He is already subject to a 6-year period of supervised release and special conditions

4

where the Court and U.S. Probation will monitor his behavior. The Court has discretion to impose any additional conditions. Mr. Rucker respectfully requests that this Court order his immediate compassionate release, with the following additional supervised release conditions: (i) that he be released to reside with his mother, in St. Petersburg, Florida; and (ii) that within 72 hours of release, he contact the U.S. Probation Office for specific reporting instruction.

Dated: December 28, 2020

/s/ Gregory Bruch
Gregory Bruch (D.C. Bar No. 413527)
Diona Howard-Nicolas (D.C. Bar No. 1030575)
BRUCH HANNA LLP
1099 New York Avenue, N.W., Suite 500
Washington, D.C. 20001
Telephone: (202) 969-1631
Email: gbruch@bruch-hanna.com
Email: dhowardnicolas@bruch-hanna.com
*Admitted Pro Hac Vice*

*Local Counsel*
Michael P. Matthews (FBN 63988)
Primary Email: mmatthews@foley.com
Secondary Email: dguillen@foley.com
FOLEY & LARDNER LLP
100 North Tampa Street, Suite 2700
Tampa, Florida 33602
Telephone: (813) 229-2300

*Counsel for Defendant Michael M. Rucker*

## CERTIFICATE OF SERVICE

I CERTIFY that a copy of the foregoing has been furnished by the court's CM/ECF system to counsel of record this December 28, 2020.

/s/ Gregory Bruch
Gregory Bruch

5