UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                                                                    Case No: 8:12-cr-266-T27AEP

MICHAEL R. RUCKER
_____/

## ORDER

**BEFORE THE COURT** are Defendant Rucker's Motion for Compassionate Release (Dkt. 207), the United States of America's Response in Opposition (Dkt. 208), and Rucker's Reply Memorandum (Dkt. 211). Upon consideration, the motion is **DENIED**.

Rucker was convicted of being a felon in possession of a firearm (Count One) and possessing with intent to distribute cocaine base and marijuana within 1,000 feet of a secondary school and private playground (Count Three). (Dkt. 161). He was sentenced to concurrent terms of 120 months on Count One and 240 months on Count Three. (Id. at 2). His convictions and sentence were affirmed. (Dkt. 188); *United States v. Rucker*, 588 F. App'x 943 (11th Cir. 2014). His motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 and motion to reduce sentence were denied. (Dkt. 201); Case No. 8:15-cv-2210, ECF: Dkt. 36.

Rucker now seeks a sentence reduction based on "extraordinary and compelling reasons." (Dkt. 207 at 1). Specifically, he asserts that he "is among the most vulnerable inmates in the COVID-19 pandemic because he suffers from stage 3 renal insufficiency, which is a chronic kidney disease, and hypertension," and that these "conditions undermine his ability to provide self-care, where he is unable to socially distance and take safe preventative measures per the CDC guidelines." (Id. at 2, 9). He further asserts that "he no longer poses a danger to the community"

1

and that his "risk of death or severe illness warrants his release under these extraordinary circumstances and is consistent with existing law and practice during these extraordinary times." (Id. at 2, 4). The United States opposes the motion because Rucker has not established extraordinary and compelling circumstances and "the Bureau of Prisons ('BOP') has implemented a COVID-19 action plan to minimize the risk of transmission into and throughout its facilities." (Dkt. 208 at 1). Upon review, Rucker's motion is due to be denied.

The First Step Act amended 18 U.S.C. § 3582(c)(1)(A) to allow a defendant to seek compassionate release with the court after fully exhausting the administrative remedies available to him following the failure of the BOP to bring a motion on his behalf, or 30 days after the warden receives the request to bring such a motion, whichever is earlier. *See* First Step Act of 2018, § 603(b).[1] Rucker provides documentation reflecting that he filed requests with the BOP to bring a motion on his behalf more than 30 days ago, which were denied. (Dkts. 207-11, 207-12, 207-13, 207-14). Accordingly, because 30 days have elapsed since the warden received his requests for compassionate release, his motion for a sentence reduction based on "extraordinary and compelling reasons" can be considered.

While the First Step Act provides for a sentence reduction based on "extraordinary and compelling reasons," the reduction must be "consistent with applicable policy statements issued by the [United States] Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). The Sentencing Commission promulgated its policy statement in U.S.S.G. § 1B1.13. The application notes to § 1B1.13 list four circumstances as extraordinary and compelling under § 3582(c)(1)(A): (A) a serious medical condition; (B) advanced age and deteriorating health; (C) family circumstances;

---

[1] This exhaustion requirement cannot be waived. *See, e.g., United States v. Smith*, No. 8:17-cr-412-T-36, 2020 WL 2512883, at *4 (M.D. Fla. May 15, 2020) (finding that the court "does not have the authority to excuse the exhaustion or lapse requirement in § 3582(c)(1)(A), even in the midst of the COVID-19 pandemic").

2

and (D) an extraordinary and compelling reason other than, or in combination with, (A)-(C), as determined by the Director of the BOP. § 1B1.13, cmt. n.1.

None of the reasons offered by Rucker fall within these circumstances. First, he is 42 years old and does not qualify under the age-based criteria, and he has not presented family circumstances to justify compassionate release. Second, nothing in his medical records indicates that he is suffering from a terminal illness or that his medical conditions "substantially diminish [his] ability . . . to provide self-care within the environment of a correctional facility and from which he . . . is not expected to recover."[2] U.S.S.G. § 1B1.13, cmt. n.1. Indeed, he fails to demonstrate any medical condition that would satisfy the requirements for release, nor does he provide any evidence that his health is deteriorating, much less from COVID-19. *See United States v. Sandoval*, No. 3:16-cr-54, 2020 WL 6292010, at *1 (M.D. Fla Oct. 27, 2020) (denying compassionate release to a defendant who previously contracted COVID-19 and suffered from "Stage 3 chronic kidney disease, type 1 and type 2 diabetes, hypertension"). Moreover, to the extent Rucker contends that because of his prior COVID-19 infection, he "faces a serious risk of COVID-19 reinfection," and that a "second COVID-19 case may be more severe than his first case" (Dkt. 207 at 14), that contention remains speculative, and does not fall within the

---

[2] In support of his motion, Rucker provides medical records from December 2, 2019, which confirm that he has "mild renal insufficiency, early stage 3," and hypertension. (Dkt. 207-16 at 1-2). He further provides the declaration of Dr. Sadé McKenzie who opines that "Mr. Rucker, a middle-aged Black male suffering from both hypertension and chronic kidney disease is among a medically vulnerable population, who, if infected with COVID-19, faces a significant risk of suffering severe complications and outcomes." (Dkt. 207-15 at ¶ 12). Missing, however, is any evidence demonstrating that he suffers from a terminal illness or that his medical conditions substantially diminish his ability to provide self-care. *See* U.S.S.G. § 1B1.13, cmt. n.1; *United States v. Heromin*, No. 8:11-CR-550-T-33SPF, 2019 WL 2411311, at *1-2 (M.D. Fla. June 7, 2019) (denying compassionate release due to absence of corroboration from medical provider that defendant is unable to provide self-care or suffers a serious medical condition). Indeed, as the United States correctly contends, "the records show that his ailments appear to be well-controlled, he receives medical care as needed, and his ailments do not appear to present any impediment to his ability to provide self-care in the institution." (Dkt. 208 at 11); *see also United States v. Solorio*, No. 3:11-cr-138, 2020 WL 6292558, at *1 (M.D. Fla. Oct. 27, 2020) (denying compassionate release to an inmate suffering from "Stage 5 chronic kidney disease and hypertension); *United States v. Copeland*, No. 3:11-cr-281-J-34JBT, 2020 WL 4193554, at *2 (M.D. Fla. July 21, 2020) (finding that hypertension treated by medication is "hardly an extraordinary condition" warranting release).

"extraordinary and compelling" circumstances in the policy statement of § 1B1.13, even if considered in combination with the criteria in the application notes.[3] And courts in this Circuit, with which I agree, have held that "general concerns about possible exposure to COVID-19 do not meet the criteria for an extraordinary and compelling reason under U.S.S.G. § 1B1.13." *See Smith*, 2020 WL 2512883, at *4.

Last, to the extent Rucker contends that district courts have discretion to determine whether a defendant has presented an extraordinary and compelling reason independent of U.S.S.G. § 1B1.13 (Dkt. 207 at 6-9; Dkt. 211 at 1-2), courts in this Circuit, also with which I agree, have rejected that contention.[4] *See, e.g., United States v. Willingham*, No. CR 113-010, 2019 WL 6733028, at *1 (S.D. Ga. Dec. 10, 2019). Even if district courts have discretion to independently determine what constitutes an extraordinary and compelling reason, Rucker has failed to demonstrate an adequate basis to warrant compassionate release. And although he cites the sentencing factors in 18 U.S.C. § 3553 (Dkt. 207 at 19-24), in the absence of an extraordinary and

---

[3] *See also Sandoval*, 2020 WL 6292010, at *1 ("[W]hether or not Defendant might be susceptible to reinfection, his recovery is significant because it demonstrates his ability to withstand and recover from Covid-19. As such, the Court concludes that, accounting for Defendant's conditions, Covid-19 is not a justification for compassionate release."); *United States v. Walker*, No. 2:17-cr-539-RDP-SGC, 2020 WL 5258287, at * 3 (N.D. Ala. Sept. 3, 2020) (denying compassionate release to an inmate who contracted COVID-19 but failed to demonstrate that "he is at higher risk or would otherwise be better off were he released from incarceration now").

[4] Rucker's reliance on *United States v. Brooker*, 976 F.3d 228 (2d Cir. 2020) is unpersuasive. In *Brooker*, the Second Circuit held that "despite Application Note 1(D), the First Step Act freed district courts to exercise their discretion in determining what are extraordinary circumstances." *Id.* at 234. The court explained that "[b]ecause Guideline § 1B1.13 is not 'applicable' to compassionate release motions brought by defendants [as compared to those brought by the Bureau of Prisons], Application Note 1(D) cannot constrain district courts' discretion to consider whether any reasons are extraordinary and compelling. . . . The only statutory limit on what a court may consider to be extraordinary and compelling is that '[r]ehabilitation . . . alone shall not be considered an extraordinary and compelling reason.'" *Id.* at 236, 237-38 (quoting 28 U.S.C. § 994(t)) (emphasis and alterations in original). First, *Brooker* is not binding authority. *See Bonner v. City of Prichard, Ala.*, 661 F.2d 1206, 1209 (11th. Cir. 1981) ("Under the established federal legal system the decisions of one circuit are not binding on other circuits."). Second, the Eleventh Circuit has not determined that U.S.S.G. § 1B1.13 does not apply to compassionate release motions brought by defendants. *See United States v. Griffin*, 815 F. App'x 503, 504 (11th Cir. 2020) (noting that district courts must "find that a reduction is consistent with applicable policy statements issued by the Sentencing Commission" before reducing a term of imprisonment).

compelling reason or another basis to warrant a reduction, this Court declines to reduce his sentence.[5] *See* 18 U.S.C. § 3582(c)(1).

In summary, the reasons Rucker asserts for compassionate release are not encompassed within the "extraordinary and compelling" circumstances in the policy statement of § 1B1.13, even if considered in combination with the criteria in the application notes, and are therefore inconsistent with the policy statement in § 1B1.13. Accordingly, relief cannot be granted, and the motion is **DENIED**.

**DONE AND ORDERED** this 11th day of January, 2021.

                                      **JAMES D. WHITTEMORE**
                                      United States District Judge

Copies to: Defendant, Counsel of Record

---

[5] Even if extraordinary and compelling reasons exist, the section 3553(a) factors do not weigh in favor of Rucker's release. These factors aid the court in imposing a sentence that is "sufficient, but not greater than necessary . . . to reflect the seriousness of the offense and to promote respect for the law, the need for adequate deterrence, the need to protect the public, and the need to provide the defendant with educational or vocational training, medical care, or other correctional treatment." *United States v. Powers*, 790 F. App'x 176, 182 (11th Cir. 2019) (citing 18 U.S.C. § 3553(a)). In addition to these factors, "[t]he court must also consider the nature and circumstances of the offense and the history and characteristics of the defendant . . . ." *United States v. Gonzalez-Villanueva*, 810 F. App'x 809 (11th Cir. 2020) (citations omitted). Indeed, Rucker's criminal history is extensive. *See* (Dkt. 200 at ¶¶ 39-66). When he was sentenced in this case, he was 34 years old, had been designated a career offender under the Sentencing Guidelines, and was in a criminal history category six, the highest criminal history category. Reducing his sentence, therefore, would not reflect the seriousness of his offense, promote respect for the law, provide just punishment for his past behaviors, or adequately deter criminal conduct in the future.