UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                                          CASE NO: 8:12-cr-266-CEH-AEP

MICHAEL M. RUCKER

_____

**ORDER**

This matter comes before the Court on Defendant Michael M. Rucker's Motion for Reduction in Sentence. Doc. 213. Proceeding *pro se*, Michael Rucker requests this Court to reduce his sentence, pursuant to 18 U.S.C. 3582 (c)(1)(A), because his initial sentence of 240 months is no longer legal. Doc. 213. The Government has responded in opposition. Doc. 219.

Upon review and full consideration, and being duly advised in the premises, the Court will deny the motion.

**I.    Background**

After a confidential informant ("CI") alerted law enforcement that Mr. Rucker sold marijuana and cocaine from his home, officers surveilled the residence and enlisted other CIs to purchase illegal narcotics from Mr. Rucker at his address. Doc. 200 at 4 (sealed). Officers then obtained a warrant to search Mr. Rucker's residence, and on May 15, 2012, they executed the warrant and found illicit narcotics, drug paraphernalia, multiple guns, and ammunition. *Id.* at 4.

1

Mr. Rucker spontaneously informed the officers that the drugs belonged to him, as opposed to the other residents of the home. *Id.* at 4. On July 9, 2012[1] Michael M. Rucker, 33 years of age, was detained. *Id.* at 5. On September 6, 2012, a federal grand jury indicted Mr. Rucker, via a superseding indictment, for Count One - possessing a firearm after having been convicted of felony offenses, Count Two - possessing a firearm in furtherance of a drug trafficking crime, and Count Three - possession with intent to distribute a cocaine base and marijuana within 1,000 feet of a secondary school and a private playground. *Id.* at 3. The Government filed an Information and Notice of Prior Convictions, pursuant to 21 U.S.C. § 851, advising Mr. Rucker that he is subject to enhanced statutory penalties based on prior convictions. *Id.* at 3.  Mr. Rucker proceeded to trial, and on September 19, 2012, U.S. District Judge James D. Whittemore found Mr. Rucker not guilty of Count Two - possessing a firearm in furtherance of a drug trafficking crime and declared a mistrial. *Id.* at 3; Doc. 28. A second jury trial began on February 11, 2013, and the jury found Mr. Rucker guilty of Count One and Count Three. *Id.* at 3.

At the time of Mr. Rucker's sentencing, his total offense level was 34. Doc. 180 at 96; Doc. 200 at 6. The sentencing range provided by the Sentencing Guidelines called for the following: as to Count One, 120 months' imprisonment, followed by one to three years of supervised release; and as to Count Three, 262 to 327 months' imprisonment, followed by six years of supervised release. Doc. 180 at 96. On July 25,

---

[1] State authorities arrested Mr. Rucker on May 15, 2012, and he was released on bond on May 16, 2012. Federal authorities arrested Mr. Rucker on July 9, 2012. Doc. 200 at 5 (sealed).

2013, Mr. Rucker was sentenced to 240 months of imprisonment, with a recommendation of completing a 500-hour Residential Drug Abuse Program, followed by six years of supervised release. Doc. 178. The Court noted that although the sentence was below the guidelines range, "a 20-year sentence" would adequately satisfy the statutory purposes of sentencing, reflects the seriousness of the offense, promotes respect for the law, acts as a deterrent, and protects the public. Doc. 180 at 121.

In March of 2019[2], Mr. Rucker filed a motion for sentence reduction under the First Step Act. Doc. 198. Mr. Rucker argued that the First Step Act of 2018 modified the types of prior offenses under the career offender enhancement. *Id*. at 4. First, Mr. Rucker contended that his prior Florida convictions for throwing a deadly missile and fleeing or attempting to elude no longer qualify as serious violent felonies. *Id.* at 5. Second, he argued his 240-month sentence was the statutory maximum, but it is no longer viable because the First Step Act reduced the potential maximum sentence from 20 years to 15 years. *Id.* at 5. On November 12, 2019, the Court denied Mr. Rucker's motion, finding that Mr. Rucker was not eligible for a sentence reduction under Section 404(b) of the First Step Act because he did not face a minimum mandatory sentence. Doc. 201 at 2.

On December 14, 2020, Mr. Rucker filed his first Motion for Compassionate Release. Doc. 207. He detailed his multiple medical ailments, including chronic

---

[2] Mr. Rucker's motion indicates it was filed on March 8, 2019; the motion was docketed on March 18, 2019. Doc. 198.

kidney disease and essential hypertension, which both put him at an increased risk of dying from COVID-19. *Id.* The Court denied Mr. Rucker's motion, explaining that Mr. Rucker failed to demonstrate an extraordinary and compelling reason, or any other basis, that would warrant a reduction in his sentence. Doc. 212.

Mr. Rucker now moves for compassionate release again. Doc. 213. This time, Mr. Rucker contends his 240-month sentence is illegal because it is unusually long, and a change in the law renders his current sentence invalid. Doc. 213. Specifically, Mr. Rucker maintains his sentence is no longer viable because the First Step Act's amendments to 21 U.S.C. § 851 resulted in simple possession no longer qualifying as a predicate felony for the 21 U.S.C. § 851 prior drug felony enhancement. Doc. 213 at 1, 16-18. Also, Mr. Rucker posits that his designation as a career offender under USSG § 4B1.1 is no longer valid because "fleeing and eluding" is no longer a "crime of violence." *Id.* at 20. In turn, because his "career offender" designation is no longer valid, his criminal history score and offense level would also decrease, thereby resulting in a reduced sentence. *Id.* at 21. Finally, Mr. Rucker explains why he believes the 3553(a) factors as applied to his case warrant a sentence reduction. *Id.* at 22-23. Mr. Rucker indicates he filed a compassionate release request with the Bureau of Prisons on October 2, 2023. *Id.* at 16.

The Government opposes Mr. Rucker's motion. Doc. 219. The Government does not dispute that Mr. Rucker has exhausted his administrative remedies. *Id.* at 4. However, the Government argues there is neither an extraordinary nor compelling

reason for a sentence reduction, and the 18 U.S.C. 3553(a) factors do not support Mr. Rucker's early release from prison. *Id.*

## II.    Legal Standard

Pursuant to 18 U.S.C. § 3582(b), a judgment of conviction that includes a sentence of imprisonment "constitutes a final judgment and may not be modified by a district court except in limited circumstances." *Dillon v. United States*, 560 U.S. 817, 824 (2010) (internal quotations omitted).  Those limited circumstances are provided under 18 U.S.C. § 3582(c), which states, in relevant part:

> The court may not modify a term of imprisonment once it has been imposed except that—
>
> (1) in any case—
>
>> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>>
>>> (i) extraordinary and compelling reasons warrant such a reduction; or
>>>
>>> (ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other

> > person or the community, as provided under section 3142(g);
>
> > and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]

18 U.S.C. § 3582(c).

"Extraordinary and compelling reasons" that warrant a sentence reduction under § 3582(c)(1)(A) are exclusively defined by the United States Sentencing Guidelines' policy statement in U.S.S.G. § 1B1.13. *United States v. Bryant*, 996 F.3d 1243, 1262 (11th Cir. 2021). Pursuant to an amendment that became effective on November 1, 2023, § 1B1.13(b) lists the following extraordinary and compelling reasons:

> (1) Medical circumstances
> (2) Age
> (3) Family circumstances
> (4) Victim of abuse
> (5) Other reasons
> (6) Unusually long sentence

U.S.S.G. § 1B1.13(b). Each of these reasons is further defined in the Guidelines' policy statement. The policy statement definitions are binding on courts in this Circuit. *Bryant*, 996 F.3d at 1262.

If the Court finds that one of the reasons listed in 18 U.S.C. § 3582(c)(1)(A) or § 2582(c)(2) is present, it must consider all applicable factors listed in 18 U.S.C. § 3553(a) before it may reduce a defendant's sentence.[3] *See* § 3582(c)(1)(A); *United States*

---

[3] These factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; to afford

*v. Giron*, 15 F.4th 1343, 1347-48 (11th Cir. 2021) ("[A] district court need not analyze the § 3553(a) factors if it finds either that no extraordinary and compelling reason exists or that the defendant is a danger to the public.").

### III.    Discussion

Mr. Rucker argues his unusually long sentence and changes in the law render him eligible for a sentence reduction under 18 U.S.C. § 3582.

Pursuant to the Sentencing Commission's policy statement regarding compassionate release:

> **(b) Extraordinary and Compelling Reasons.** Extraordinary and compelling reasons exist under any of the following circumstances or a combination thereof: …
>
> **(6) Unusually Long Sentence.** If a defendant received an unusually long sentence and has served at least 10 years of the term of imprisonment, a change in the law (other than an amendment to the Guidelines Manual that has not been made retroactive) may be considered in determining whether the defendant presents an extraordinary and compelling reason, but only where such change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed, and after full consideration of the defendant's individualized circumstances.

U.S.S.G. 1B1.13

---

adequate deterrence to criminal conduct; to protect the public from further crimes of the defendant; and to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentences available; (4) the kinds of sentence and the sentencing range established for the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines; (5) any pertinent policy statement issued by the Sentencing Commission; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense. 18 U.S.C. § 3553(a).

Mr. Rucker proffers multiple statutory and decisional reasons to persuade the Court that he is eligible for a sentence reduction. The Court will now address, in turn, each proffered rationale.

**Career Offender Designation**

Mr. Rucker first argues he should no longer be subject to the career offender designation because "fleeing and eluding," which is one of the predicate convictions used to designate him as a career offender, is no longer a crime of violence. Doc. 213 at 20. Mr. Rucker contends that without the career offender designation, his offense level would decrease, and therefore, he urges the Court to modify his guideline sentence accordingly. *Id.* at 20-21. The Government responds that an intervening change in the law is neither extraordinary nor compelling. Doc. 219 at 8. The Government also maintains that Mr. Rucker would still be correctly classified as a career offender if he were sentenced today. *Id.* at 8-9.

Mr. Rucker accurately asserts that a conviction for fleeing and eluding no longer qualifies as a predicate crime of violence that may be used to enhance a defendant's sentence. U.S.S.G. § 4B1.2, modified in 2016. However, the Eleventh Circuit "applies the guidelines as they stood at the time a defendant was sentenced, not as they stand at the time of his appeal." *United States v. Martin*, 864 F.3d 1281, 1283 (11th Cir. 2017) (quotation modified). Similar to Mr. Rucker, the *Martin* defendant argued that his conviction for felony fleeing to elude could no longer be used to increase his offense level because the

Sentencing Commission removed the residual clause from the guidelines' definition of "crime of violence." *Id.* at 1283. However, the Court found the amendment was not in effect when the defendant was sentenced, and therefore, the district court correctly counted the defendant's conviction for felony to elude as a crime of violence. *Id.* at 1283.

In the present case, Mr. Rucker was sentenced in 2013. *See* Judgment, Doc. 161. The amendment that re-defined "crime of violence" for the purposes of the career offender enhancement occurred in 2016. U.S.S.G. § 4B1.2. Specifically, at the time of Mr. Rucker's sentence, a crime of violence encompassed: a burglary of a dwelling, arson, or extortion, involved the use of explosives, *or otherwise involved conduct that presented a serious potential risk of physical injury*. *Id.* (emphasis added). Pursuant to the 2016 amendment to § 4B1.2, a crime of violence is now: murder, voluntary manslaughter, kidnapping, aggravating assault, a forcible sex offense, robbery, arson, extortion, or the use or unlawful possession of a firearm or explosive material. *Id.* Therefore, at the time of Mr. Rucker's sentence, felony fleeing and eluding was correctly counted as a crime of violence. In turn, Mr. Rucker's enhancement as a career offender remains permissible.

**The First Step Act of 2018**

Next, Mr. Rucker argues that due to the First Step Act's changes to 21 U.S.C. § 851, he would no longer qualify for § 851 penalty enhancements because his predicate drug offenses were simple possession and not serious drug

9

felonies. Doc. 213 at 16-19. The Government responds that regardless of whether the § 851 enhancements should not apply, the enhancement Mr. Rucker received increased only his statutory maximum sentence, and therefore, his 240-month sentence would still be permissible today. Doc. 219 at 11.

Section 401 of the First Step Act modified the requirements for a predicate felony to be used to enhance penalties for repeat offenders. *See* First Step Act of 2018, § 401, Pub. L. No. 115-391, 132 Stat. 5194. Specifically, the First Step Act added two new requirements for an offense to qualify as a serious drug felony: (1) "the offender must have served a term of imprisonment of more than 12 months; and (2) the offender must have been released no more than 15 years before the instant offense." *United States v. Finley*, 805 F. App'x 823, 827 (11th Cir. 2020) (quoting First Step Act of 2018 § 401) (quotation modified). However, § 401 is not retroactive and applies only if a sentence for the offense has not been imposed as of the date of § 401's enactment. First Step Act of 2018 § Sec. 401 ("This section, and the amendments made by this section, shall apply to any offense that was committed before the date of enactment of this Act, if a sentence for the offense has not been imposed as of such date of enactment."); *See also United States v. Pubien*, 805 F. App'x 727, 730 (11th Cir. 2020).

Here, Mr. Rucker accurately notes that his predicate felonies are all convictions for simple possession, and pursuant to the First Step Act's amendments to § 851, simple possession is no longer sufficient to qualify as a predicate felony for a § 851 enhancement. However, Mr. Rucker was sentenced

in 2013, which was before the enactment of the First Step Act of 2018. *See* Judgment, Doc. 161. Therefore, because Mr. Rucker's sentence was imposed before the First Step Act took effect, the First Step Act's modifications to § 851 do not apply to Mr. Rucker's current sentence.

Therefore, considering the above, Mr. Rucker has failed to identify any extraordinary or compelling reason to reduce his sentence under 18 U.S.C. § 3582(c)(1)(A).

### 3553(a) Factors

Even if the Court had found an extraordinary and compelling reason to reduce Mr. Rucker's sentence, the § 3553(a) factors do not weigh in favor of granting Mr. Rucker's motion.

First, the sentence imposed reflects the seriousness of the offense, promotes respect for the law, and provides just punishment. Mr. Rucker submits his request for a reduction by maintaining that his sentence is unusually long. Doc. 213 at 1. However, Mr. Rucker's 20-year sentence was slightly below the advisory range, which was 262 – 325 months' imprisonment. Doc. 180 at 121: 3-5. Moreover, Mr. Rucker was taken into federal custody for the pertinent offenses on July 9, 2012, and his current release date is November 22, 2029. Federal Bureau of Prisons, Inmate Locator, Federal Bureau of Prisons, https://www.bop.gov/inmateloc/ (last visited Apr. 16, 2026). When Mr. Rucker is released from custody, he will have served 17 years, 4 months, and 14

days, which is almost 3 years shy of his already below-guidelines sentence. Hence, Mr. Rucker will not serve the full 20-year sentence.

Second, the imposed sentence is necessary to afford adequate deterrence from criminal conduct. The Court commends Mr. Rucker for making the most of his time while incarcerated by obtaining his GED and engaging in programs that enhance his skills, such that he will be a productive member of society upon his release. *See* Doc. 219 at 25. However, the Court notes that Mr. Rucker's prison disciplinary record indicates he possessed narcotics in 2019. Doc. 219-1. While incarcerated, Mr. Rucker continued to engage in the same type of conduct for which he was sentenced; therefore, it would be inappropriate to further reduce Mr. Rucker's sentence.

In short, the § 3553(a) factors do not support a reduction in Mr. Rucker's sentence at this time.

Accordingly, it is **ORDERED**:

1. Defendant Michael Rucker's Motion for Compassionate Release (Doc. 213) is **DENIED**.

**DONE** and **ORDERED** in Tampa, Florida on April 16, 2026.

Charlene Edwards Honeywell
Charlene Edwards Honeywell
United States District Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties

12